IN THE U.S. DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

KEVIN JOHNSON,
plaintiff
v. Case no. 2:20-cv-602MPB-MJD
ROBERT E. CARTER, JR., et al.,
defendants.

MOTION FOR CONTEMPT PROCEEDINGS AND COURT INTERVENTION

Plaintiff pro se hereby moves pursuant to 18 U.S.C. section 401 and the Court's inherent contempt powers for summary contempt citations and intervention against the following contemnors: Virginia Department of Corrections (VDOC) director Harold Clarke and Sussex 1 State Prison warden Kevin McCoy, law library supervisor C. Billups, and investigator lieutenant Spencer as follows:

Harold Clarke
VDOC
6900 Atmore Dr.
Richmond, VA 23225

Warden Kevin McCoy
C. Billups &
Lt. Spencer
S1SP
24414 Musselwhite Dr.
Waverly, VA 23891

FACTS IN SUPPORT

1. Plaintiff has been confined back in the VDOC since October 2021. During that time he has been met with repeated obstacles to pursuing this litigation caused by the named contemnors, which have and are resulting in delays in the proceedings and plaintiff's inability to meet required filing deadlines, to make anticipated filings including his own summary judgment motion and to respond as entitled to defense motions and deadlines, to prepare for trial or to respond to defendants' own summary judgment motion, etc.

2. Those obstacles include: a) repeated refusals to deliver mail from this court and defense counsels to plaintiff and to forward mailings to the court and defense counsels from him without notice to plaintiff of the refused deliveries of those mailings; b) complete denial of plaintiff's access to and use of the VDOC's law library at his place of confinement so that he has been unable to perform legal research; c) the taking and refusal to return all of plaintiff's legal property

and stationery since June 30, 2023, including his entire files of this case, his work product material, and all his materials needed and relevant to his pursuit of this action; d) his being housed in unlighted cells since June 30, 2023 where he cannot read or write after sundown and while he is otherwise away from the prison during daylight hours receiving cancer treatment at outside hospitals.

3. Each one of the named contemnors has been directly responsible by their policies or their direct actions and omissions for the above stated obstructions faced by plaintiff.

4. This court has previously ordered defendants to inform it that plaintiff's legal property was returned to him, when it was previously withheld from him during 2021 while he was confined in Ohio. Those measures have served as no deterrent to the taking and denial of his access once again to and use of said property by VDOC officials.

5. Plaintiff submits that he has been forced to have this instant motion drafted and submitted electronically by persons outside of prison because of being denied access to and use of his legal property and stationery as aforesaid with which he could write and submit his own pleadings and motions. Indeed plaintiff contacted this court by 3-way phone call on July 5, 2023 and pleaded with deputy clerk Mary Ellen to allow him to obtain an emergency hearing with a presiding judge and counsel to notify them and seek relief from these obstructions. Said clerk stated to plaintiff that he could not obtain any such hearing. (1)

Plaintiff's swears to the truth of foregoing facts under penalty of perjury.

ARGUMENT

Federal courts have statutory authority (see 18 U.S.C. section 401) and inherent power to summarily conduct contempt proceedings and cite for contempt those whose acts committed so close to the court impair the administration of justice. Any actions that impair the court and litigants from carrying out their entitled duties and functions in litigation are "misbehaviors committed so close to the court" as to obstruct the administration of justice, and constitute contempt regardless of their geographical location. It is the function of summary contempt proceedings to remedy and restore the parties and court to the appropriate state of affairs so that litigation may proceed unfettered.

All that is required to bring contemnors within the Court's contempt jurisdiction is notice to them of the contempt motion or petition. (2)

THEREFORE this court should take remedial action against defendants and the contemnors including issuing a rule nisi against the contemnors and citing them for contempt of court, fining them and ordering the return of plaintiff's needed legal property, reasonable access to and use of legal research facilities, prompt and unobstructed delivery of his mail to and from this court and counsels related to these proceedings, impose fines on them, and take such further action as deemed fair and just.

Respectfully submitted,

Signature
_____

Plaintiff pro se

Reply to:
Kevin Johnson, No. 1007485
VDOC Central Mail Distribution Center
3521 Woods Way
State Farm, VA 23160

_____

1. For the record, plaintiff notes the blatant discrination with which he was treated. Specifically, in the sister proceedings to this case, case #1:21-cv-201JMS-MG, during a 2022 deposition conducted on plaintiff - who is Black - by white defense attorneys, when said attorneys alleged that plaintiff was uncooperative in answering deposition questions they called the court and we're granted IMMEDIATE audience and hearing with the judge and had their issues heard and ruled on in a matter of minutes. However, in the present instance where this Black plaintiff has an authentic emergency need to inform the court of obstructions to his very ability to litigate this action and meet filing requirements and ordered deadlines which are prejudicial to him, the court refused to entertain his request for a telephonic hearing.

2. Plaintiff is unable to provide actual cites of authorities supporting his arguments because of the said denial of access to his legal property.